JAMAICA TRADING CORPORATION, Appellant, v. DOEL REALTY CORPORATION and Others, Respondents; 3902 THIRTEENTH AVENUE REALTY CORPORATION and Another, Appellants, and Others, Defendants.— In an action to foreclose a mortgage, order, on reargument, directing the examination of appellants modified by striking therefrom items numbered 6, 7 and 9, by striking from the second ordering paragraph the words " in all respects " and by inserting, after the word " confirmed," the words " except as to items numbered 6, 7 and 9, which are disallowed." As so modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellants; the examination to proceed on five days' notice. In our opinion, the cause of action set forth in the respondents' counterclaim is in effect an action to redeem from a mortgage and requires an accounting. The respondents, therefore, are not entitled to examine the appellants upon those matters which are properly the subject of the accounting only, and items 6, 7 and 9 are, therefore, disallowed. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

SEYMOUR LASHER, Respondent, v. FOREST HEIGHTS REALTY Co., INC., and Others, Appellants.— Order denying defendants' motion to dismiss the action for failure to prosecute reversed on the law and the facts, with ten dollars costs and disbursements, and defendants' motion granted, with ten dollars costs. Plaintiff presented no good reason or excuse for his failure to bring this equity action to trial. There was improvidence in the exercise of discretion by the Special Term in denying the defendants' motion. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

ROMEO MONTANO, Also Known as ROMEO MONTANA, Respondent, v. THE NORTH RIVER INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant, and BANK OF AMERICA NATIONAL ASSOCIATION, as Trustee, Defendant.— Judgment for plaintiff in an action to recover under the terms of two policies of fire insurance issued by the defendant The North River Insurance Company of the City of New York unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

SARAH LORD MURPHY and Another, Respondents, v. THE GREEN-WOOD CEMETERY, Appellant.— Action to disinter from certain burial lots and to sell the lots for benefit of plaintiffs. Judgment for plaintiffs reversed on the law and the facts, with costs, and judgment directed for defendant dismissing the complaint, without costs. The reasons given by plaintiffs are insufficient in law and fact to justify the disinterment. Findings of fact, numbered 1 to 39, and conclusions of law, numbered 1 to 7, are reversed. Defendant's proposed findings, numbered I to XXVI, are found and defendant's proposed conclusions of law, numbered I to VIII, are approved. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.